## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

MICHAEL LOTT,

PLAINTIFF,

v.

TRUIST FINANCIAL CORP.,
TRUIST SECURITIES, INC.
(f/k/a SUNTRUST ROBINSON
HUMPHREY, INC.), and TRUIST
BANK, INC.,

Defendants.

Civil Action File No.
1:21-CV-02068-SDG

## DEFENDANTS TRUIST FINANCIAL CORPORATION'S AND TRUIST SECURITIES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

COME NOW Defendants Truist Financial Corporation ("TFC") and Truist

Securities, Inc. f/k/a SunTrust Robinson Humphrey, Inc. ("TSI") (collectively,

"Defendants"), who answer Plaintiff Michael Lott's Complaint as follows:

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Defendants did not employ Plaintiff at any time and are improper parties to

this action.

## SECOND DEFENSE

On information and belief, Plaintiff's Complaint, in whole or in part, fails to state a claim upon which some or all of the relief he seeks can be granted.

## THIRD DEFENSE

On information and belief, Plaintiff's claims are barred by one or more of the exemptions provided for in the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

## FOURTH DEFENSE

On information and belief, some or all of Plaintiff's claim(s) for damages is barred by the statute of limitations.

## FIFTH DEFENSE

On information and belief, at all relevant times, all actions were taken in conformity with written administrative regulations, orders, rulings, or interpretations of the FLSA, as made by the Wage and Hour Division of the U.S. Department of Labor, as well as any applicable regulatory guidelines.

## SIXTH DEFENSE

On information and belief, any alleged violation(s) of the FLSA were not willful; therefore, any claim(s) for damages, wages, or pay are barred to the extent such claims are based on events or allegations that occurred more than two years

prior to the date this lawsuit was filed.

## SEVENTH DEFENSE

On information and belief, all actions were taken in good faith and with reasonable grounds to believe those actions did not violate the FLSA. Thus, any and all claims for liquidated damages are barred.

## EIGHTH DEFENSE

On information and belief, amounts excluded from the calculation of the regular rate of pay must likewise be excluded from the calculation of any overtime rate of pay that may be found to be due to Plaintiff.

## NINTH DEFENSE

On information and belief, Plaintiff's claim is barred by the equitable doctrines of laches, waiver, and/or unclean hands.

## TENTH DEFENSE

On information and belief, Plaintiff is estopped from alleging some or all of the claims alleged in the Complaint due to his own actions, omissions, and/or wrongdoing.

## ANSWER

### 1.

Defendants admit that Plaintiff purports to bring this action to seek legal redress under the FLSA. Defendants deny that Plaintiff is entitled to any relief whatsoever. Defendants further deny that they were at any time Plaintiff's employer. As such, they are not proper parties to this action. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 1 of the Complaint.

## JURISDICTION AND VENUE

### 2.

Defendants admit that subject matter jurisdiction is proper in this Court. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 2 of the Complaint.

### 3.

Defendants admit that venue is proper in this Court. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 3 of the Complaint.

## PARTIES

### 4.

Defendants lack sufficient information to admit or deny the allegations in Paragraph 4 of the Complaint, and therefore deny them.

5.

Defendant TFC admits, and Defendant TSI admits on information and belief, that TFC is a foreign corporation that has conducted business within the State of Georgia. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 5 of the Complaint.

6.

Defendant TFC admits that it was properly served in this action. Defendant TSI lacks sufficient information to admit or deny the allegations in Paragraph 6 of the Complaint, and therefore denies them. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 6 of the Complaint.

7.

Defendant TSI admits, and Defendant TFC admits on information and belief, that TSI is a foreign corporation with its principal office located at 3333 Peachtree Road, N.E. Atlanta, Georgia 30326, and that it has conducted business within the State of Georgia. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 7 of the Complaint.

8.

Defendant TSI admits that it was properly served in this action. Defendant TFC lacks sufficient information to admit or deny the allegations in Paragraph 8 of

the Complaint, and therefore denies them. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 8 of the Complaint.

9.

On information and belief, Defendants admit that Truist Bank ("Truist") is a foreign corporation that has conducted business within the State of Georgia. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 9 of the Complaint.

10.

Defendants lack sufficient information to admit or deny the allegations in Paragraph 10 of the Complaint, and therefore deny them.

11.

Defendants deny that they are governed by and subject to the FLSA regarding Plaintiff, as Defendants deny that they were at any time Plaintiff's employer.

12.

Defendants deny that they are governed by and subject to the FLSA regarding Plaintiff, as Defendants deny that they were at any time Plaintiff's employer.

13.

Defendants deny that they are governed by and subject to the FLSA regarding Plaintiff, as Defendants deny that they were at any time Plaintiff's employer.

14.

Defendants deny that they are governed by and subject to the FLSA regarding Plaintiff, as Defendants deny that they were at any time Plaintiff's employer.

15.

Defendants deny that they are governed by and subject to the FLSA regarding Plaintiff, as Defendants deny that they were at any time Plaintiff's employer.

16.

Defendants deny the allegations in Paragraph 16 of the Complaint.

17.

Defendants deny the allegations in Paragraph 17 of the Complaint.

18.

Defendants deny the allegations in Paragraph 18 of the Complaint.

19.

Defendants lack sufficient information to admit or deny the allegations in Paragraph 19 of the Complaint, and therefore deny them.

20.

Defendants admit that SunTrust Bank merged into Branch Banking and Trust Company ("BB&T") which changed its name to Truist Bank. Defendants further admit that Truist is a wholly-owned subsidiary of TFC. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 20 of the Complaint.

21.

Defendants admit that SunTrust Robinson Humphrey, Inc. changed its name to Truist Securities, Inc., and that TSI is a wholly-owned subsidiary of TFC.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 21 of the Complaint.

22.

Defendants lack sufficient information to admit or deny the allegations in Paragraph 22 of the Complaint, and therefore deny them.

23.

Defendants lack sufficient information to admit or deny the allegations in Paragraph 23 of the Complaint, and therefore deny them.

24.

Defendants deny the allegations in Paragraph 24 of the Complaint.

25.

Defendants deny the allegations in Paragraph 25 of the Complaint.

26.

Defendants deny the allegations in Paragraph 26 of the Complaint.

## STATEMENT OF FACTS

27.

Defendants deny the allegations in Paragraph 27 of the Complaint.

8

28.

Defendants lack sufficient information to admit or deny the allegations in Paragraph 28 of the Complaint, and therefore deny them.

29.

Defendants deny the allegations in Paragraph 29 of the Complaint.

30.

Defendants lack sufficient information to admit or deny the allegations in Paragraph 30 of the Complaint, and therefore deny them.

31.

Defendants lack sufficient information to admit or deny the allegations in Paragraph 31 of the Complaint, and therefore deny them.

32.

Defendants lack sufficient information to admit or deny the allegations in Paragraph 32 of the Complaint, and therefore deny them.

33.

Defendants lack sufficient information to admit or deny the allegations in Paragraph 33 of the Complaint, and therefore deny them.

34.

Defendants lack sufficient information to admit or deny the allegations in Paragraph 34 of the Complaint, and therefore deny them.

35.

Defendants lack sufficient information to admit or deny the allegations in Paragraph 35 of the Complaint, and therefore deny them.

36.

Defendants lack sufficient information to admit or deny the allegations in Paragraph 36 of the Complaint, and therefore deny them.

37.

Defendants lack sufficient information to admit or deny the allegations in Paragraph 37 of the Complaint, and therefore deny them.

38.

Defendants lack sufficient information to admit or deny the allegations in Paragraph 38 of the Complaint, and therefore deny them.

39.

Defendants lack sufficient information to admit or deny the allegations in Paragraph 39 of the Complaint, and therefore deny them.

40.

Defendants deny the allegations in Paragraph 40 of the Complaint.

41.

Defendants lack sufficient information to admit or deny the allegations in Paragraph 41 of the Complaint, and therefore deny them.

42.

Defendants deny the allegations in Paragraph 42 of the Complaint.

43.

Defendants deny the allegations in Paragraph 43 of the Complaint.

44.

Defendants lack sufficient information to admit or deny the allegations in Paragraph 44 of the Complaint, and therefore deny them.

45.

Defendants deny the allegations in Paragraph 45 of the Complaint.

46.

Defendants lack sufficient information to admit or deny the allegations in Paragraph 46 of the Complaint, and therefore deny them.

47.

Defendants lack sufficient information to admit or deny the allegations in Paragraph 47 of the Complaint, and therefore deny them.

48.

Defendants deny the allegations in Paragraph 48 of the Complaint.

49.

Defendants deny the allegations in Paragraph 49 of the Complaint.

50.

Defendants lack sufficient information to admit or deny the allegations in Paragraph 50 of the Complaint, and therefore deny them.

51.

Defendants lack sufficient information to admit or deny the allegations in Paragraph 51 of the Complaint, and therefore deny them.

52.

Defendants lack sufficient information to admit or deny the allegations in Paragraph 52 of the Complaint, and therefore deny them.

53.

Defendants state that the publicly-filed pleadings in the referenced lawsuit speak for themselves and are the best evidence of their contents. To the extent a response is required, the allegations in Paragraph 53 of the Complaint are denied.

54.

Defendants lack sufficient information to admit or deny the allegations in Paragraph 54 of the Complaint, and therefore deny them.

55.

Defendants decline to admit or deny the legal conclusion in Paragraph 55 of the Complaint, and demand strict proof thereof. To the extent a response is required, Defendants deny the allegation in Paragraph 55 of the Complaint.

56.

Defendants lack sufficient information to admit or deny the allegations in Paragraph 56 of the Complaint, and therefore deny them.

57.

Defendants state that the publicly-filed documents in the referenced lawsuit speak for themselves and are the best evidence of their contents. To the extent a response is required, Defendants lack sufficient information to admit or deny the allegations in Paragraph 57 of the Complaint, and therefore deny them.

**COUNT ONE**
**Fair Labor Standards Act**
**Alleged Failure to Pay Overtime**

58.

Defendants restate and incorporate their admissions and denials to Paragraphs 1 through 57 of the Complaint.

59.

Defendants deny the allegations in Paragraph 59 of the Complaint.

13

60.

Defendants lack sufficient information to admit or deny the allegations in Paragraph 60 of the Complaint, and therefore deny them.

61.

Defendants lack sufficient information to admit or deny the allegations in Paragraph 61 of the Complaint, and therefore deny them.

62.

Defendants lack sufficient information to admit or deny the allegations in Paragraph 62 of the Complaint, and therefore deny them.

63.

Defendants lack sufficient information to admit or deny the allegations in Paragraph 63 of the Complaint, and therefore deny them.

**<u>Alleged Willfulness</u>**

64.

Defendants deny the allegations in Paragraph 64 of the Complaint.

65.

Defendants deny the allegations in Paragraph 65 of the Complaint.

66.

Defendants lack sufficient information to admit or deny the allegations in

14

Paragraph 66 of the Complaint, and therefore deny them.

67.

Defendants lack sufficient information to admit or deny the allegations in Paragraph 67 of the Complaint, and therefore deny them.

68.

Defendants deny the allegations in Paragraph 68 of the Complaint.

69.

Defendants lack sufficient information to admit or deny the allegations in Paragraph 69 of the Complaint, and therefore deny them.

70.

Defendants deny the allegations in Paragraph 70 of the Complaint.

71.

Defendants deny the allegations in Paragraph 71 of the Complaint.

72.

Defendants deny the allegations in Paragraph 72 of the Complaint.

73.

Defendants deny the allegations in Paragraph 73 of the Complaint.

74.

Defendants deny the allegations in Paragraph 74 of the Complaint.

## **Alleged Damages**

### 75.

Defendants deny the allegations in Paragraph 75 of the Complaint, including Footnote 2 thereto.

### 76.

Defendants deny the allegations in Paragraph 76 of the Complaint, including Footnote 3 thereto.

### 77.

Defendants deny the allegations in Paragraph 77 of the Complaint, including Footnote 4 thereto.

### 78.

Defendants deny the allegations in Paragraph 78 of the Complaint, including Footnote 5 thereto.

### 79.

Defendants deny the allegations in Paragraph 79 of the Complaint, including Footnote 6 thereto.

### 80.

Defendants deny the allegations in Paragraph 80 of the Complaint.

### 81.

Defendants deny that Plaintiff is entitled to any relief whatsoever, including

but not limited to the relief set out in Plaintiff's Prayer for Relief, and subparagraphs (A) through (E).

## DEFENDANTS TFC'S AND TSI'S PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully request that the Court grant them the following relief:

1.    Dismiss Plaintiff's claims in their entirety and with prejudice;

2.    Deny each and every prayer for relief identified in Plaintiff's Complaint; and

3.    Award against Plaintiff Defendants' reasonable attorneys' fees, expenses, and costs associated with defending this action, along with such other and further relief as the Court may deem proper.

Respectfully submitted this 23rd day of August 2021.

> BAKER, DONELSON, BEARMAN,
> CALDWELL & BERKOWITZ, PC
>
> /s/ David E. Gevertz
> David E. Gevertz, GA Bar No. 292430
> 3414 Peachtree Road, NE, Ste 1500
> Atlanta, GA 30326
> Telephone: 404-221-6512
> Facsimile: 678-406-8816
> Email:  dgevertz@bakerdonelson.com
>
> *Attorney for Defendants*

17

## **CERTIFICATE OF COMPLIANCE**

Undersigned counsel certifies the foregoing document has been prepared with one of the font and point selections (Times New Roman, 14 point) approved by the Court in Local Rule 5.1(C) and 7.1(D).

Respectfully submitted this 23rd day of August 2021.

/s/ David E. Gevertz
David E. Gevertz
GA Bar No. 292430

*Attorney for Defendants*

18

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served a copy of the foregoing document by filing the same using the Court's ECF system, which will automatically send notification to the following attorney of record:

Louise N. Smith, Esq.
William J. Smith, Esq.
SMITH LAW, LLC
3611 Braselton Highway, Suite 202
Dacula, GA 30019
louise@smithlaw-llc.com
william@smithlaw-llc.com

Respectfully submitted this 23rd day of August 2021.

/s/ David E. Gevertz
David E. Gevertz
GA Bar No. 292430

*Attorney for Defendants*
